*Original*

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 SEP -6  P 1: 20

FENG LI, Esq.
1719 Route 10 East, Suite 111
Parsippany, NJ 07054
(973) 590-5110, (973)454-9027
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____    _____

ALFRED T. PENG and DIANA PENG

       Plaintiffs

    vs.                      CIVIL ACTION NO:  05-cv-03939-JAG

David L. Gabay
Pinnacle Planning Group
John Does # 1-10, General Agents
John Does # 11-20, Broker Dealers
Keyport Life Insurance / Sun Life Insurance
Lincoln Financial Group
Mainstay Funds/ New York Life Trust
Mutual Service Corporation
Royal Alliance Associates Inc.
The Best of America
First Sun America Life Insurance Company
Pershing, Bank of New York (clearing house)

       Defendants                 **FIRST AMENDED COMPLAIN
                             AND DEMAND JURY TRIAL**

_____ _ __

Plaintiffs, ALFRED T. PENG and DIANA PENG, (husband and wife) residing at 214 Hidden

Wood CT, Piscataway, New Jersey, by way of complaint through their attorney, Feng Li, Esq.,

against defendants, states:

### PARTIES

1. At all relevant times, Plaintiffs are residents of the State of New Jersey, residing at  214

Hidden Wood CT, Piscataway, New Jersey.

2. Upon information and belief, at all relevant times, Defendant, David L. Garbay, was an individual whose last known address is 520 White Plains Road, Suite 500, Tarrytown, NY 10591-5118.

3. Upon information and belief, Defendant, Pinnacle Planning Group, is a company under the laws of the State of New York, and is licensed to do business and is doing business at 520 White Plains Road, Suite 500, Tarrytown, NY 10591-5118.

4. John Does # 1- 10 are General Agents who had supervision responsibilities for Defendant David Gabay and were responsible for the losses of Plaintiffs.

5. John Does # 11- 20 are broker dealers who had supervision responsibilities for Defendant David Gabay and were responsible for the losses of Plaintiffs.

6. Upon information and belief, Defendant, Keyport Life Insurance / Sun Life Insurance, is a company, having an address at 112 Worcester Street, Wellesley, MA 02481.

7. Upon information and belief, Defendant, Lincoln Financial Group, is a company, having an address at 1300 South Clinton Street, Fort Wayne, IN 46802.

8. Upon information and belief, Defendnat, Mainstay Funds/ New York Life Trust, is a New York Company, having an address at 335 Madison Avenue, Suite 200, New York, NY 10017.

9. Upon information and belief, Defendant, Mutual Service Corporation, is a company, having an address at One Clearlake Center, Suite 1800, 250 Australia Avenue South, West Palm Beach, FL 33401.

10. Upon information and belief, Defendant, Royal Alliance Associates Inc., is a New York company, having an address at 733 3rd Avenue, 4th Floor, New York, NY 10017-3204.

11. Upon information and belief, Defendant, The Best of America, is a company, having an

Page 2 of 22

address at One Nationwide Plaza, Columbus, OH 43215-2220.

12. Upon information and belief, Defendant, First Sun America Life Insurance Company, is a California company, having an address at 21650 Oxnard Street, Woodland Hills, CA 01367.

13. Upon information and belief, Defendant, Pershing, LLC(clearing house), a BNY Securities Group company is a New Jersey company, having an address at One Pershing Plaza, Jersey City, New Jersey 07399.

## JURISDICTION

14. This Court has jurisdiction over the subject matter of this action pursuant to Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa and 28 U.S.C. § 1331.  The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder by the SEC.

14a. Venue is proper in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b).  Many of the acts and transactions giving rise to the violations of law complained of herein, including the preparation and dissemination to the investing public of false and misleading information, occurred in this District.

15. In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the mails, telephone communications and the facilities of national securities exchanges.

## BACKGROUND FACTS

PORTFOLIO INVESTMENT BY DEFENDANT

16. Plaintiff, ALFRED T. PENG, started to use Defendant David Gabay as his financial planner in 1989 after using Defendant's mother Sonia Gabay at IDS Financial Service (American Express) for 10 years.

17. David Gabay took over Plaintiff, Alfred T. Peng's financial service since then.

18. Plaintiffs have no knowledge in investing funds and insurance. They completely rely on their financial advisers for any investment or insurances decisions.

19. Since date, Defendant, David Gabay, managed Plaintiff's pension fund until October, 2004

20. During this period, Defendant, David Gabay, changed investments with extraordinarily excessive frequency.  The investments include are but not limited to:

Oppenheimer fund, Cigna, Mainstay, Keyport/Sun life Insurance, Mutual Service Corporation, Lincoln Financial Group, First Sun America Life Insurance Company, Mainstay Funds/new York Life Trust, Royal Alliance Associates Inc., the Best of America.....etc. For most of these investment changes, Plaintiffs was never consulted and had no knowledge of the purposes of these transactions. Some of these transaction resulted Plaintiffs paying huge amount of surrender fees.

21. In the early 1990s, during the bull market, Defendant, David Gabay, invested Plaintiffs' funds heavily in the fixed income mutual funds. In latter half of 1990s, he started to invest in the annuities each year with a promise of growth of 10%  until the year 2000s market crash.

22. Even before the 2000s market crash, the total growth of Plaintiff's fund was less than half of the market growth.

23. Plaintiff Diana Peng invested $66,591 in 1992 through Defendant, David Gabay. In 1998, Defendant, David Gabay, misled the Plaintiff Diana Peng that he would guarantee additional positive earnings with additional investments from Plaintiff Diana Peng. He coached Plaintiff, Diana Peng, to invest an additional $77,000 through him.

24. After the additional investment in 1998 by Plaintiff, Diana Peng, Defendant, David Gabay managed a total of $148,085.00 for Plaintiff Diana Peng.

25. From 1992 on, Defendant, David Gabay made frequent changes from one investment to another, and many times the switch resulted surrender fees.

26. By October, 2004, Plaintiff, Diana Peng, was left with only $138,220.70. Defendant didn't deliver the 10% guaranteed annuity and the Plaintiff suffered a lost of $9,864.30.

LIFE INSURANCES HANDLED BY DEFENDANT DAVID GABAY

27. In 1989, Defendant, David Gabay, sold to Plaintiffs a $250,000.0 life insurance policy(policy number CG5057010) having a premium of $750 per quarter for Plaintiff, Alfred Peng. The life insurance named Plaintiff s two children Linda and Kenneth Peng as the beneficiaries.

28. In 1989, Defendant, David Gabay, sold to Plaintiffs another $1,000,000 life insurance policy (policy number CG5057787) with a premium of $4,250 per quarter to Plaintiff, Alfred Peng. The insurance again named Plaintiff, Alfred Peng's children, Linda and Kenneth Peng as beneficiaries.

29. In 1992, Defendant, David Gabay, then sold to Plaintiffs another $500,000 life insurance policy (policy number CG5069802) with a premium of $12,000 per year for Plaintiff, Alfred Peng. This time the policy named Plaintiff, Alfred Peng's wife, Diana Peng, and his two children as beneficiaries.

30. In 1992, Defendant, David Gabay, sold the final $500,000 life insurance policy(with policy

number CG5069375) with a premium of $3,000 per quarter to Plaintiff, Alfred Peng. The

beneficiaries named were Plaintiff, Alfred Peng's wife, Diana Peng and their two children.

31. After the purchase of the different insurance policies, the Plaintiff was obligated with

premium payments of $33,000 (thirty three thousands) per year. **The premium payment was**

**close to 28% of the Plaintiffs' pretax income.** While the Defendant acted in a an unprofessional

and unethical matter, he insured and kept telling the Plaintiff, Alfred Peng that *"your family is*

*well protected"*.

32. Defendant, David Gabay, was aware of Plaintiffs' annual income. Plaintiff's, Alfred Peng's

annual salary was about $120,000 at that relevant time.

33. The total annual premium for the life insurance policies is approximately $33,000 which was

about 28% of Plaintiffs' pretax income.

34. Defendant, David Gabay, was negligent in his role by disregarding Plaintiffs' income and

ability to meet the premium obligations.

35. Within the year of 1998, Plaintiffs phoned Defendant David Gabay many times concerning the

inability to pay these premiums. Plaintiffs also personally visited Defendant, David Gabay's office

several times to discuss their concerns.

36. Every time, Defendant, David Gabay, told Plaintiffs that they should not worry about it. He

would take care of things.

37. On or about the summer of 2004, Plaintiffs hired another financial planner, Pai-su Kang, who

works at National Legacy Group.

38. At Ms. Kang's initiative, it was discovered for the first time that the $1,000,000.0 life

insurance policy (CG5057787) had lapsed in 2002.

39. The remaining insurance policies were either almost at no cash value or close to lapsing.

40. Plaintiffs were never notified by Defendant David Gabay about the status of these insurance policies.

## FIRST COUNT

### (CHURNING ACCOUNT)

41. This action is brought under §10b of the Securities Exchange Act of 1934 [15 USC §78j(b)], Securities and Exchange Commission Rule 10b-5 [17 CFR §240.10b-5], and common-law fraud to recover damages for Defendants' excessive trading or churning in Plaintiff's securities account.

42. This court has jurisdiction under §27 of the Securities Exchange Act of 1934 [15 USC §78aa] and pendent jurisdiction over the related common-law fraud claim.

43. Between 1989 and 2004, Defendants induced activities in Plaintiff's account which was excessive in volume and frequency in light of Plaintiffs' investment objectives for the purpose of obtaining growth and income annuities, in that:

Plaintiffs' funds were transferred from one annuity to another by Defendant David Gabay. Some transfers were even performed with surrender fees. For one instant, a transfer by Defendant David Gabay from "The Best of America" account (A/C # 01-01738523) on 3/19/1999 to another insurance company was subject to a surrender charge of $ 7,023.13. The transfer from "Sun Life Insurance" (Variable Annuity) of $285,789.19 in 2003 was subject to a surrender fee of $8,027.27 (the money was transferred from one variable annuity to another variable annuity). Just for these above two transfers, with total initial investment of $528,500 ($520,000 + $85,000) and subsequent transferring of the funds are about $1,130,000, estimated commission to the broker, Defendant David Gabay is $86,750 ($1,735,000 X 5%).

Also, in another instant,  Defendant, David Gabay transferred $500K of a variable annuity from the Best of America to Keyport Life (account number 200-793820-01) in 1999. For this transfer, Plaintiffs paid $7,023.13 surrender fees to the best of American. The investment fund form Keyport Life was then transferred to the different institutions by Defendant, David Gabay  in the following years with surrender fees:

> In the year of 2000, $95,486.92 to an unknown institution.
>
> In the year of 2001, $34,768.48 to Mutual Services (a/C # 4BD-577815).
>
> In the year of 2002, $15,318 to unknown institution.
>
> In the year of 2003, $285,789 to Lincoln Life variable Annuity
>
> (policy # 95-985-785) with a surrender fee of $8,027.27.
>
> In the year of 2001, $85,303 was transfer into this policy from a policy with
>
> Banker Life Insurance Co. of NY.

In 1999, $51,465.99 was transferred from variable annuity policy with The Best of America to Sun America (A/C # A0791000119) with surrender fees.

Defendant gained minimum 5 percent of the commission fees for every transfer. These switches by Defendant were not suitable for Plaintiff's stated investment objectives.

44. Although Plaintiff did not issue Defendants an express power of attorney authorizing Defendants to make trades in Plaintiff's nondiscretionary account, Plaintiffs, being an unsophisticated investor, routinely followed and depended on Defendants' professional guidance and investment expertise. Defendants were placed in de facto control over the volume and frequency of trading in Plaintiff's account. Plaintiffs believed that the security regulations would protect them from unethical practices by financial advisors.

45. Defendants obtained control over Plaintiff's account by misrepresenting their expertise in the market. Defendants represented to Plaintiff that he can help Plaintiff gain 10% of annuity each year, and by confirming transactions as principal, thereby concealing commissions on individual transactions.

46. Pinnacle Planning Group is liable jointly and separately with and to the same extent as David Gabay to plaintiffs Pinnacle Planning Group having control of David Gabay within the meaning of §20(a) of the Securities Exchange Act of 1934 [15 USC §78(t)(a)] and general principles of agency.

47. As a direct and proximate result of Defendants' unlawful excessive trading or churning in Plaintiff's account, Plaintiff sustained damages from losses on commissions earned and interest, interest paid on Plaintiff's margin account, and capital gains taxes paid on improper transactions in and from a loss in value of Plaintiff's portfolio.

48. Defendants are jointly and severally are liable to Plaintiffs for exemplary or punitive damages in for Defendants' excessive trading or churning in Plaintiff's account, Defendants having acted unlawfully, fraudulently, with a conscious disregard of Plaintiff's rights, and with full knowledge of the consequences of their conduct and the damage being caused to Plaintiff.

WHEREFORE, Plaintiffs, ALFRED T. PENG and DIANA PENG respectfully pray as follows:

(1) For compensatory damages.

(2) For punitive damages.

(3) For reasonable attorneys' fees and all costs of those proceedings.

(4) For all other general and equitable relief as the law and facts may warrant.

## SECOND COUNT

### (UNSUITABLE TRADING)

49. Plaintiffs, repeat the allegations contained in the First Count as if set forth at length herein.

50. Defendants recommended and effected the funds' transactions that were unsuitable in light of the customers' financial status, needs, investment experience and objectives;

51. Plaintiffs were unable to manage their own account because they have no knowledge about the investments. Plaintiffs relied on Defendant, David Gabay, a professional licensed insurance representative to guide them ethically and professionally with their investments.

52. Plaintiffs invariably accepted Defendant, David Gabay's investment recommendations in all these years because Defendant never gave them all the facts concerning the investments.

53. Defendant, David Gabay, intentionally, recklessly, and knowingly engaged in unsuitable investments

54. Defendant, David Gabay, and his company Defendant, Pinnacle Planning Group violated SEC Rule 10-5, state or common law.

WHEREFORE, Plaintiffs, ALFRED T. PENG and DIANA PENG respectfully pray as follows:

(1) For compensatory damages.

(2) For punitive damages.

(3) For reasonable attorneys' fees and all costs of those proceedings.

(4) For all other general and equitable relief as the law and facts may warrant.

## THIRD COUNT

### (UNAUTHORIZED TRADING)

55. Plaintiffs, repeat the allegations contained in the First Count and Second count as if set forth at

Page 10 of 22

length herein.

56. Defendants effected the Plaintiffs funds' transactions without the Plaintiffs' knowledge or consent.

57. Defendant, David Gabay, and his company Defendant, Pinnacle Planning Group violated SEC Rule 10-5, state or common law.

WHEREFORE, Plaintiffs, ALFRED T. PENG and DIANA PENG respectfully pray as follows:

(1) For compensatory damages.

(2) For punitive damages.

(3) For reasonable attorneys' fees and all costs of those proceedings.

(4) For all other general and equitable relief as the law and facts may warrant.

**FOUTH COUNT**
(BREACH OF FIDUCIARY DUTY)

58. Plaintiffs, repeat the allegations contained in the First Count, Second count, and Third Count as if set forth at length herein.

59. Plaintiffs placed trust and confidence in Defendants who are under duty to act and give advice for the benefit of Plaintiffs' fund investments and insurance policies.

60. Defendants acted in a fiduciary capacity for Plaintiffs.

61. Defendants breached their duties by not exercising professional judgment and not following security guidelines. Defendants neglected and failed to perform the duties as Plaintiffs' broker and insurance agency.

62. By the reason of foregoing breach of the fiduciary duty by defendants, Plaintiffs suffered financial losses as a direct result of the Defendants' breach of duties.

63. Defendants are liable for harm resulting from the breach of the duties imposed by the existence of such relationship.

WHEREFORE, Plaintiffs, ALFRED T. PENG and DIANA PENG respectfully pray as follows:

(1) For compensatory damages.

(2) For punitive damages.

(3) For reasonable attorneys' fees and all costs of those proceedings.

(4) For all other general and equitable relief as the law and facts may warrant.

## FIFTH COUNT

### (NEGLIGENT MISREPRESENTATION)

64. Plaintiffs, repeat the allegations contained in the First Count, Second count, Third Count, and Fourth Count as if set forth at length herein.

65. Defendants negligently or intentionally provided Plaintiffs with false information regarding Plaintiffs' funds and annuities.

66. Defendants' misrepresentations caused the Plaintiffs' losses of significant amounts of retirement fund and lost insurance policies for the beneficiaries.

67. Defendant, as a licensed insurance agent, was viewed and depended upon by the Plaintiffs to give reliable and truthful financial information.

WHEREFORE, Plaintiffs, ALFRED T. PENG and DIANA PENG respectfully pray as follows:

(1) For compensatory damages.

(2) For punitive damages.

(3) For reasonable attorneys' fees and all costs of those proceedings.

(4) For all other general and equitable relief as the law and facts may warrant.

## SIXTH COUNT

### (BROKER'S NEGLIGENCE)

68. Plaintiffs, repeat the allegations contained in the First Count, Second count, Third Count, Fourth Count, and Fifth Count as if set forth at length herein.

69. Defendant, David Gabay is a agent at Pinnacle Planning Group and, as such, made unprofessional and false representations to plaintiffs. Defendant played on the Plaintiffs' lack of financial expertise and trust.

70. As a broker, Defendant, David Gabay is subjected to a standard of care and professional conduct in the finance field by which he is guided.

71. Defendant, David Gabay breached his duty to Plaintiffs in making representations which were untrue. Defendant took Plaintiffs' money to invest and failed to do so in accordance with as per Defendant, David Gabay 's agreement with Plaintiffs.

72. As a direct and proximate result of Defendant David Gabay's misconduct, Plaintiff has been and continues to be damaged.

WHEREFORE, plaintiff demands judgment against Defendants David Gabay, and Pinnacle Planning Group for compensatory, punitive and consequential damages, together with interest, costs of suit, attorney fees and such other relief as the court deems proper.

## SEVENTH COUNT

### (COMMON LAW FRAUD AND DECEIT)

73. Plaintiffs, repeat the allegations contained in the First Count, Second count, Third Count, Fourth Count, Fifth Count, and Sixth Count as if set forth at length herein.

74. Defendant, David Gabay made several affirmative representations to Plaintiffs that the life

insurance policies had a set equity value and that the policies will protect the yield which will provide for Plaintiff's financial future.

75. Defendants made false representations to the Plaintiffs that the life insurance policies would not lapse as result of missing payments.  With their  professional training as licensed brokers and registered representatives, the Defendants  knowingly deceived the Plaintiffs and saddled them with unrealistic life insurance premium payments.  These payments would require about 28% of the Plaintiffs' pretax income.

76. Upon information and belief, Defendants knew or reasonably should have known that those representations were in fact false and Plaintiff would rely on their professionalism. Defendants thereby fraudulently induced plaintiff to purchase the various life insurance policies. Defendants David Gabay and  Pinnacle Planning Group have both benefitted as a result of their fraud.

77. In reliance upon Defendants misrepresentations, Plaintiffs proceeded to purchase these life insurance policies, which never provided promised yield. As a result of the fraudulent conduct of Defendants, Plaintiffs have been and continue to be damaged.

WHEREFORE, Plaintiffs demand judgment against defendants David Gabay, and Pinnacle Planning Group , jointly and severally, for fraudulent inducement and misrepresentation, such damages include but are not limited to, life insurance values with interest, together with costs of suit, attorney fees and such other relief as the court deems proper.

## EIGHTH COUNT

### (ESTOPPEL FOR AGENT'S MISREPRESENTATION)

78. Plaintiffs, repeat the allegations contained in the First Count, Second count, Third Count, Fourth Count, Fifth Count, Sixth Count, and Seventh Count as if set forth at length herein.

79. Plaintiffs transacted the insurance business through the Defendant, David L. Gabay.

80. Plaintiffs were covered under the insurance policies issued by Defendants.

81. Plaintiffs relied on the professional representations of Defendants concerning coverage, in that Plaintiffs' children Linda and Kenneth Peng are covered under the insurance of $1,000,000; and Plaintiff Diana Peng and her child Vivian Peng are covered under another insurance policy of $1,000,000. Two children of Plaintiff, Alfred Peng, Linda and Kenneth Peng are covered under the insurance policy for $250,000 of the life insurance.

82. Plaintiffs were misled by Defendants, and Plaintiffs' reliance on Defendants caused the loss of premiums paid and $2,250,000 (two million two hundred and fifty thousand dollars) of insurance coverage.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

a. For a declaration that the Defendant is estoppel to deny the coverage represented by Defendant;

b. For damages;

c. together with costs of suit, attorney fees and such other relief as the court deems proper.

## NINTH COUNT

### (NEW YORK INSURANCE LAW SECTION 2123 & 4226)

83. Plaintiffs, repeat the allegations contained in the First Count, Second count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, and Eighth Count as if set forth at length herein.

84. Upon information and belief, the Defendant, David Gabay, was agent and/or representative of Pinnacle Planning Group and the Mutual Companies.

85. The materials that the Defendants provided to the Plaintiffs contained misleading statements

Page 15 of 22

concerning Plaintiffs' insurance status.

86. As described above, the Defendant, David Gabay, made false and misleading oral statements to the Plaintiffs concerning their insurance status and need for protection.

87. The Defendants violated Section 2123 of New York State's Insurance Law by providing the Plaintiffs with materials that contained misleading statements concerning Plaintiffs' insurance policies and rights.

88. Upon information and belief, the Defendants received substantial compensation for the sale of the insurances to the Plaintiffs.

89. Pursuant to New York Insurance Law Section 2123 the Defendants are liable to the Plaintiffs for a Civil Penalty in an amount equal to the compensation paid to the Defendants for the sale of the life insurance polices to the Plaintiffs.

WHEREFORE the Plaintiffs demand judgment against the Defendants in the amount of:

(a) $2,250,000;

(b) plus reasonable attorneys fees;

(C) in an amount equal to the compensation received by the defendants for the sale of the insurances at issue in this case;

(d) along with such other and further relief as this court deems just and proper.

## TENTH COUNT

### (DETRIMENTAL RELIANCE)

90. Plaintiffs, repeat the allegations contained in the First Count, Second Count, Third Count, Fourth Count, Fifth Count, Sixth Count, Seventh Count, Eighth Count, and Ninth Count as if set forth at length herein.

91. Defendant, David Gabay, made affirmative representations regarding the life insurance

policies to Plaintiffs when Defendant, David Gabay knew or should have known that such

representations would induce Plaintiffs into taking actions in buying insurances. Defendant

induced Plaintiff to pay insurance premiums, etc., in reasonable expectation of yield and coverage.

Defendant David Gabay's representations, was a detriment to Plaintiff's financial and emotional

well-being.

WHEREFORE, plaintiff demands judgment against defendants David Gabay, and Pinnacle

Planning Group, jointly and severally, for fraudulent inducement and misrepresentation, such

damages include but are not limited to life insurance values with interest, together with costs of

suit, attorney fees and such other relief as the court deems proper.

**ELEVENTH COUNT**

(FRAUDULENT CONCEALMENT)

92. Plaintiffs, repeat the allegations contained in the First to Tenth Count as if set forth at length

herein.

93. Defendants have a fiduciary relationship with Plaintiffs because Defendants were Plaintiffs'

agent on both investment and life insurances procurement. The relationship represents implicit

trust and confidence, or an inherent fiduciary contract or transaction.

94. Defendants intentionally concealed or failed to disclose a known fact that the life insurance

policies would lapse for missing payments.

95. Plaintiffs lost insurance coverages because of Defendants' concealment or failure to disclose

the material facts that the insurance policies were lapsed.

96. Plaintiffs detrimentally relied on Defendants' expertises in the area of investments and life

Page 17 of 22

insurance policies.

97. Plaintiffs lost of insurance coverages were proximately caused by the fraudulent concealment

of Defendants.

WHEREFORE, defendant demands judgment against plaintiff for:

1. Consequential damages;

2. Incidental damages;

3. Costs of suit, interest and attorneys' fees; and

4. Such other and further relief as the court deems proper.


## TWELFTH COUNT

### (BREACH OF CONTRACT)

98. Plaintiffs, repeat the allegations contained in the First Count to Eleventh Count as if set forth

at length herein.

99. Defendants' agreement to jointly service the Contract with Plaintiffs for the purchase of life

insurance policies and investments constitutes a valid, binding and effective contract.

100. Defendants breached this contract by failing to prevent the lapse of the life insurance polices.

101. As a result of this breach, Plaintiffs has been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants for:

1. Consequential damages;

2. Incidental damages;

3. Costs of suit, interest and attorneys' fees; and

4. Such other and further relief as the court deems proper.

## THIRTEENTH COUNT

### (FRAUD IN THE INDUCEMENT)

102. Plaintiffs, repeat the allegations contained in the First Count to Twelfth Count as if set forth at length herein.

103. Defendant, David Gabay, represented to Plaintiffs that Plaintiffs would be protected and covered by the insurance polices sold by Defendant.

104. Defendants knew that, without Defendant, David Gabay's inducement, Plaintiffs would not have purchased the life insurance polices.

105. In reliance upon Defendants' representations, Plaintiff bought $2.25 million dollars of life insurance policies.

106. Defendants' representations that he would have covered Peng's family through these life insurance policies constitute material misrepresentations of fact.

107. At the time the Defendants knowingly made false representations.

108. Defendants knew that the Plaintiffs trusted and relied upon his representations.

109. In reasonable reliance upon Defendant's representations, Plaintiffs bought $2.25 million dollars life insurance polices.

110. Defendants' abandonment of Plaintiff's life insurances have caused significant harm to Plaintiffs.

111. As a result of the foregoing, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants for:

(a) Consequential damages;

(b) Compensatory damages;

Page 19 of 22

(c) Punitive damages;

(d) Costs of suit and attorneys' fees; and

(e) Such other and further relief as the court deems proper.

## FOURTEENTH COUNT

### (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

112. Plaintiffs, repeat the allegations contained in the First Count to Fifteenth Count as if set forth at length herein.

113. At all times relevant, there existed between the Plaintiffs and Defendants an implied covenant of trust, good faith and fair dealing.

114. Defendants' conducts were unfair and unreasonable and constituted bad faith. Therefore the implied covenant of good faith and fair dealing was breached.

115. As a result of Defendants' conduct, the Plaintiffs have incurred, and will continue to incur, a loss of income, assets and other benefits, as well as the suffering of emotional distress.

WHEREFORE, defendant demands judgment against Defendants for:

(a) Consequential damages;

(b) Compensatory damages;

(c) Punitive damages;

(d) Costs of suit and attorneys' fees; and

(e) Such other and further relief as the court deems proper.

## FIFTEENTH COUNT

### (FAILURE TO PROCURE INSURANCE)

116. Plaintiffs, repeat the allegations contained in the First Count to Fifteenth Count as if set forth

Page 20 of 22

at length herein.

117. At all times pertinent hereto, Defendants have held out and represented themselves to be specialists and expert in the field of life insurance.

118. On or about 1999, Defendants induced Plaintiffs to procure life insurance.

119. Plaintiffs were relying on Defendants to procure coverage consistent with the Plaintiffs' needs.

120. Defendants agreed and contracted to procure insurance suitable to Plaintiff's needs.

121. Defendant knew or should have known Plaintiffs' financial ability to pay for the insurance premiums.

122. Upon delivery of the policies, Defendant advised Plaintiff that his family was fully covered. Plaintiff relied on Defendant's assurances and was thereby led to believe that the policy satisfied all of Plaintiff's insurance needs.

123. On or about 2004, Plaintiffs through another broker learned for the first time that the life insurance policies had lapsed.

124.   Defendant, David Gabay knew or should have known of the lapse of these life insurance policies

125.   As a direct and proximate result of Defendant's misrepresentation and lack of disclosure, Plaintiff sustained a loss of insurance benefits.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a)General damages in the amount of lost insurances, plus interest.

(b)Consequential damages.

( c) attorney fees and costs of the litigation

( c) Costs and such other relief as this Court may deem proper.

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 SEP -6  P 1: 21

BY: _____
FENG LI, ESQ.
Attorneys for Plaintiffs

DATED: July 28, 2005


## DEMAND FOR JURY TRIAL


Plaintiff hereby demands a trial by jury as to all issues.


BY: _____
FENG LI, ESQ.
Attorneys for Plaintiffs

DATED: July 28, 2005


## CERTIFICATION PURSUANT TO LOCAL CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action

pending in any court or of any pending arbitration or administrative proceeding.  Plaintiff is not

currently aware of any other party who should be joined in this action.


BY: _____
FENG LI, ESQ.
Attorneys for Plaintiffs

DATED: July 28, 2005