UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALFRED T. PENG AND DIANA PENG, | : | |
| Plaintiffs, | : | |
| v. | : | |
| DAVID L. GABAY, PINNACLE PLANNING GROUP, JOHN DOES #1-10, GENERAL AGENTS JOHN DOES #11- 20, KEYPORT LIFE INSURANCE / SUN LIFE INSURANCE, LINCOLN FINANCIAL GROUP, MAINSTAY FUNDS / NEW YORK LIFE TRUST, MUTUAL SERVICE CORPORATION, ROYAL ALLIANCE ASSOCIATES, INC., THE BEST OF AMERICA, FIRST SUNAMERICA LIFE INSURANCE COMPANY, PERSHING, BANK OF NEW YORK | : | Civil Action No. 05-CV-3939 (JAG)  **ORDER** |
| Defendants. | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on defendants', New York Life Insurance Company ("NY Life") and MainStay Funds ("MainStay") (collectively "Defendants")[1], Motion for Dismissal of All Counts of the Amended Complaint (Docket Entry No. 24). For the reasons set forth below, this Court will grant the motion.

---

[1] In the amended complaint, plaintiffs name "MainStay Funds / NY Life Trust" as a single defendant. However, in their moving papers, the defendants identify themselves separately as New York Life Insurance Company and MainStay Funds.

Plaintiffs Alfred Peng and Diana Peng ("the Pengs" or "Plaintiffs") filed a fifteen count[2] amended complaint against the above-named defendants stemming from their relationship with a financial advisor, David Gabay ("Gabay"). Plaintiffs allege that Gabay caused them to suffer substantial financial losses because he engaged in "churning," the practice of frequently re-allocating accounts for the purpose of generating commissions. One of the products purchased as part of the alleged churning was a MainStay Convertible Funds Account, owned by the Pengs from 1997 to 1998. Plaintiffs further allege that Gabay fraudulently induced them to purchase excessive life insurance coverage, and then let the policies devalue substantially. MainStay and NY Life moved to dismiss, pursuant to FED. R. CIV. P. 12(b)(6).

FED. R. CIV. P. 12(b)(6) provides that complaints can be dismissed for "failure to state a claim upon which relief can be granted." On a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While a court will accept well-pled

---

[2] The counts are Churning (under 15 U.S.C. § 78j(b)) (count 1), Unsuitable Trading (under 15 U.S.C. § 78j(b)) (count 2), Unauthorized Trading (under 15 U.S.C. § 78j(b)) (count 3), Breach of Fiduciary Duty (count 4), Negligent Representation (count 5), Broker's Negligence (count 6), Common Law Fraud and Deceit (count 7), Estoppel For Agent's Misrepresentation (count 8), Violation of New York Insurance Law Sections 2123 & 4226 (count 9), Detrimental Reliance (count 10), Fraudulent Concealment (count 11), Breach of Contract (count 12), Fraud in the Inducement (count 13), Breach of the Covenant of Good Faith and Fair Dealing (count 14), and Failure to Procure Insurance (count 15).

allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977).  Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 at 299 (2nd ed. 1990).

The sixth, seventh and tenth counts of the amended complaint specifically name only defendants David Gabay and Pinnacle Planning Group in the ad damnum clause.  Therefore, these counts do not implicate MainStay or NY Life and will be dismissed as to both MainStay and NY Life.

Similarly, the first, second, third, fourth, fifth and fourteenth counts of the amended complaint do not name MainStay or NY Life explicitly.  Rather, these counts relate to the allegations that Gabay made unsuitable investments on behalf of the Pengs, and that he engaged in the practice of "churning."  In the amended complaint, the Pengs do not allege that either MainStay or NY Life were involved in this practice directly, nor do they allege that Gabay was acting as an agent of either MainStay or NY Life at the time of the alleged improper transactions.  However, in their reply brief, the Pengs do allege that Gabay was acting as an agent of MainStay and NY Life, and argue that his actions should be imputed to Defendants.  This Court cannot consider claims that were not raised in the original complaint.  Bayer AG v. Schein Pharmaceutical, Inc., 129 F. Supp. 2d 705, 716 (D.N.J. 2001); Santiago v. City of Vineland, 107

F. Supp. 2d 512, 529 n.6 (D.N.J. 2000). Even if this Court were to consider the allegations in the reply brief, the counts would still be dismissed, because the Pengs state that Gabay was an agent of MainStay and NY Life without providing factual allegations to support that conclusion.[3] A finding of an agency relationship is a legal conclusion. Sylvan Learning Sys. v. Irwin Gordon, Fed. Ins. Co., 135 F. Supp. 2d 529, 542 (D.N.J. 2000). While this Court must draw all inferences in favor of the non-moving party, it need not accept as true unsupported legal conclusions. Miree, 433 U.S. at 27 n.2. Therefore, the first, second, third, fourth, fifth and fourteenth counts will be dismissed as to MainStay and NY Life.

The eighth, ninth, eleventh, twelfth, thirteenth and fifteenth counts of the amended complaint relate to the allegation that defendant Gabay fraudulently obtained life insurance coverage for the Pengs and that Gabay allowed the policies to lapse and/or become worthless. The Pengs do not make any specific allegations that defendants MainStay or NY Life were involved in these transactions or had any responsibility for the lapse of these policies. Further, based on the allegations in the complaint, the Pengs' only contact with the Defendants was the MainStay account.[4] No reasonable inference can be drawn from these allegations that either defendant is responsible for the alleged losses arising from the lapse of the life insurance polices. Therefore, the eighth, ninth, eleventh, twelfth, thirteenth and fifteenth counts will be dismissed as to Nationwide.

---

[3] In addition, it appears that Gabay was a registered representative of either Royal Alliance or Mutual Service Corporation at the time he purchased MainStay funds for the Pengs. MainStay authorized Royal Alliance and Mutual Service Corporation to sell MainStay products through dealer agreements, which specifically disclaim that the dealer is "an agent, partner, or employee" of MainStay. (Defs.' Br. in Supp. of Rule 12(b)(6) Mot. to Dismiss Compl. 5.)

[4] Although NY Life sells annuities and life insurance products, it appears that the Pengs never owned any products sold by NY Life.

Accordingly,

IT IS on this  17th  day of April 2006,

ORDERED that Defendants', MainStay Funds and New York Life Insurance Company, Motion to Dismiss is GRANTED; and

IT IS FURTHER ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.