<u>NOT FOR PUBLICATION</u>

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

_____
:
ALFRED T. PENG and DIANA PENG,    :
:
      Plaintiffs,    :
:    Civil Action No. 05-3939 (JAG)
      v.    :
:    OPINION
DAVID L. GABAY, MUTUAL SERVICE    :
CORPORATION, et al.,    :
:
      Defendants.    :
_____:

**<u>GREENAWAY, JR., U.S.D.J.</u>**

      This matter comes before this Court on the motion by plaintiffs, Alfred T. Peng and Diana Peng (collectively, "Plaintiffs"), for reconsideration of this Court's order, entered on May 13, 2009 ("the May 13, 2009 Order"), denying, as premature, Plaintiffs' motion to vacate. Defendants, David L. Gabay and Mutual Services Corporation (collectively "Defendants"), filed a cross-motion to confirm the arbitration award. For the reasons stated below, Plaintiffs' motion for reconsideration is denied, and Defendants' motion to confirm is granted.

**BACKGROUND**

      This case arises from Plaintiffs' broker/client relationship with a former financial advisor, Defendant David Gabay ("Defendant Gabay"). Plaintiffs allege that Defendant Gabay caused them substantial financial losses by "churning," or frequently re-allocating Plaintiffs' accounts, purportedly in order to generate commissions. Plaintiffs also allege that Defendant Gabay induced them to spend a considerable percentage of their income on life insurance policies, and

let the policies devalue substantially. The financial products involved include annuities, mutual funds, and common stock. By order, dated April 19, 2006, this Court granted Defendants' motion to compel arbitration, pursuant to arbitration agreements signed by the parties. This Court stayed the proceedings as to Defendants and ordered the parties to proceed to arbitration.[1]

Prior to initiation of arbitration proceedings, the parties executed Uniform Submission Agreements. Pursuant to those agreements, the parties agreed that the arbitration proceeding would be governed by the National Association of Securities Dealers ("NASD") Code, and that the arbitration award could be confirmed, and the judgment could be entered.[2]

### The Arbitration Proceeding

In the arbitration proceeding Plaintiffs are "Claimants," and Defendants are the "Respondents." Plaintiffs submitted a Statement of Claim, and, later, an Amended Statement of Claim. The Panel held a pre-hearing telephone conference with the parties on November 8,

---

[1] The record includes two agreements between Plaintiffs and Defendant Mutual Service Corporation that contain Plaintiffs' names on the signature line for "Primary investor." (Docket Entry 50 Exs. C, D.) Both agreements contain a section entitled "Agreement to Arbitrate," and state that NASD Code applies in the absence of a separate agreement that a different "mutually acceptable arbitral forum" will govern an arbitration between the parties. (Id.)
It should be noted that several other company defendants submitted answers in the arbitration. The arbitration award purports to bind these defendants as well.

[2] "The NASD was the primary self-regulatory organization responsible for the regulation of the securities industry in the United States, with delegated authority from the U.S. Securities and Exchange Commission. In July 2007, the NASD was consolidated with the enforcement, arbitration, and member regulation arm of the New York Stock Exchange, known as NYSE Regulation, Inc., to create the Financial Industry Regulatory Authority (FINRA)." Kashner, 531 F.3d 68, 71 n. 1 (1st Cir. 2008) (cited in Toth v. SEC, 319 F. App'x 184, 185 (3d Cir. 2009)).
For cases, such as this one, filed before April 16, 2007, the NASD Code remains in effect. The NASD Code is superceded, for claims filed on or after April 16, 2007, by the Customer Code (Rule 12000 Series) and the Industry Code (Rule 13000 Series). See FINRA Arbitration and Mediation, http://www.finra.org/ArbitrationMediation/Rules/ CodeofArbitration Procedure/index.htm (last visited December 28, 2009) ("FINRA Website").

2007. During the telephone conference, the Panel scheduled hearings, to be attended by the parties themselves, for June 18, 19, and 20, 2008. Shortly before the scheduled hearing, Defendants moved to compel discovery, and requested an adjournment of the hearings on the basis that Plaintiffs had allegedly failed to turnover certain discovery items.[3] Plaintiffs aver that they consented to the adjournment, and filed a cross-motion to compel Defendants to produce additional documents to Plaintiffs. Plaintiffs further allege that Plaintiffs and Plaintiffs' experts, but not Plaintiffs' attorney, went on vacation, and that Defendants, well aware of the vacation plans, withdrew their motion. Defendants do not respond to this accusation.

The Panel decided to hold an executive session, in the absence of both parties, on June 17, 2008, to consider pre-hearing motions submitted by the parties. The following day, the Panel conducted an abbreviated hearing attended by counsel for the parties.

The Panel issued an order on June 19, 2008 ("June 19, 2008 Panel Order") resolving pre-hearing motions regarding discovery and shifting costs to Plaintiffs. (Docket Entry No. 75 Ex. 3.)

The June 19, 2008 Panel Order resolved issues raised at the executive session, attended by arbitrators only, on June 17, 2008, and at the abbreviated hearing, attended by counsel for the parties, on June 18, 2008. Plaintiffs' counsel, Feng Li, attended the abbreviated hearing and

---

[3] Plaintiffs' certification in support of the November 12, 2008 Motion to Vacate states that Defendants requested the adjournment because Defendants "claimed" to be "severely prejudiced" by Plaintiffs' "complete disregard for their discovery obligations." (Certification of Feng Li in Support of Motion to Open the Case Illegally Dismissed by Arbitrators dated November 12, 2008 ("Pls. Cert. to Vacate") ¶ 12.)

explained the absence of his clients, Plaintiffs, and their experts.[4]  The June 19, 2009 Panel Order addressed the following three issues:  (1) all existing motions (June 1, 2008 - June 13, 2008); (2) new discovery dates and guidelines; and (3) new hearing dates.  The June 19, 2009 Panel Order consisted of six rulings.  Four of the rulings, numbered 1 to 3, and 5, addressed scheduling and allocation of fees:

> 1. The new Hearing dates are September 23, 24, and 25, 2008 with September 26th if needed.
> 2. The Hearings scheduled for June 19, June 20, 2008 were adjourned (FINRA notified 6/18/08).  <u>Adjournment fees are assessed 100% to Claimant.</u>
> 3. <u>Normal Hearing fees to be assessed 2/3 to Claimant and 1/3 to Respondents.</u>
> ...
> 5.  There will be no further adjournments or postponements granted by the Panel.

(Id. (emphasis added).)

The remaining rulings, numbered 4 and 6, addressed the parties' discovery motions.  Both parties had submitted motions objecting to the document production of the other side.  Plaintiffs requested additional documents from Defendants.  Defendants requested subpoenas from third parties in response to Plaintiffs' alleged failure to submit information pertaining to investment advisors assisting Plaintiffs after Defendant Gabay's involvement with Plaintiffs' accounts in 2004.[5]

The Panel determined that:

> ...
> 4.  Limited Discovery as detailed by the Panel to be completed by August 1, 2008.

---

[4]  Plaintiffs' counsel sent three letters to the Panel describing the events surrounding his clients' failure to appear for the hearing.

[5]  In Plaintiffs' certification opposing Defendants' motion to compel arbitration (Docket Entry No. 43), Plaintiff Alfred Peng attests that Defendant Gabay managed Plaintiffs' investment accounts for fifteen years (1989-2004).

>   Any responses by August 30, 2008.
>   ...
>   6.  <u>Because of incorrect Discovery, subpoenas were approved.</u>

(<u>Id.</u> (emphasis added).)

On August 20, 2008, Defendants moved to dismiss the arbitration, pursuant to NASD Rule 10305, on the basis that Plaintiffs failed to comply with the Panel's discovery orders. Rule 10305(b) provides, in relevant part, that "the arbitrators may dismiss a claim, defense, or proceeding with prejudice as a sanction for willful and intentional material failure to comply with an order of the arbitrator(s) <u>if lesser sanctions have proven ineffective</u>." NASD Code Rule 10305 (emphasis added).

Plaintiffs state that Defendants' motion "listed the following misleading facts": Plaintiffs' failure to (1) meet discovery deadlines for submitting the Amended Statement of Claim, (2) timely respond to discovery requests, (3) timely identify witnesses and evidence to offer at the hearing.[6]

Plaintiffs' certification in support of the motion to vacate notes that Defendants allegedly misled the Panel by stating that:

>   While providing only limited discovery in this matter, <u>Claimants made representations in direct contravention of the information contained in documents that they produced</u> with respect to other financial institutions that they had dealings with during the relevant time period. <u>The Panel recognized this at the June 18th hearing and permitted Respondents to issue subpoenas</u>[,] for the Chairman's signature[,] to these financial institutions.
>
>   (Pls. Cert. to Vacate ¶ 49 (emphasis added).)

Plaintiffs responded to the Defendants' motion to dismiss by letter, to the Panel, dated

---

[6] Plaintiffs also emphasize that Defendants highlighted Plaintiffs' failure to attend the June 18, 2008 hearing with counsel.

September 5, 2008. Plaintiffs explained the basis for the untimeliness of Plaintiffs' satisfaction of certain discovery obligations, and indicated that Defendants' initial request for adjournment caused Plaintiffs' abject failure to submit any pre-hearing disclosure requirements.

In response to Defendants' accusation regarding the subpoenas, Plaintiffs contend that:

Claimants provided all the documents and information related to the matter in controversy pursuant to [NASD] Rule 10321(a). <u>Respondents unreasonably requested information after David Gabay.</u> There is no controversy after middle of 2004 or after David Gabay as [Plaintiffs'] financial advisor. <u>There is no controversy about Dr. Peng's stock purchasing.</u>

(<u>Id.</u> (emphasis added).)

On September 18, 2008, the Panel issued an order dismissing, with prejudice, Plaintiffs' claims in their entirety ("September 18, 2008"), and denying Defendants' request for expungement of Defendant Gabay's record, with leave for further submissions from the Defendants on the request for expungement.[7]

On November 12, 2008, Plaintiffs filed a motion to vacate ("November 12, 2008 Motion to Vacate") challenging only the September 17, 2008 Panel Order.[8] By the time the motion to vacate, pending before this Court, became fully briefed and the December 15, 2008 return date

---

[7] The Panel noted that it considered both Defendants' motion to dismiss and Plaintiffs' letter, dated September 5, 2008, prior to rendering its decision.

[8] In the May 13, 2009 Order, this Court determined that Plaintiffs' motion should be treated as a motion to vacate the arbitration award. Plaintiffs' motion was styled as a motion to "Open the Case Illegally Dismissed by Arbitrators." Plaintiffs sought to either retry their case in this Court or, in the alternative, remand the arbitration proceedings to a different arbitration panel. This Court, in the May 13, 2009 Order, determined that Plaintiffs' motion would be treated as a motion to vacate.
    Defendants moved to dismiss the November 12, 2008 Motion to Vacate on the alternative basis that Plaintiffs neglected to submit a memorandum of law to support the motion, instead relying on a certification. This Court did not decide the motion on the basis of this objection.

passed, the arbitration panel ("Panel") had not yet delivered a final arbitration award.

On December 16, 2008, the Panel issued the arbitration award ("Award"), dismissing Plaintiffs' claims in entirety, shifting costs to Plaintiffs, and recommending expungement. (Defendants' Opposition to Plaintiffs' Motion for Reconsideration of the Order Entered on May 13, 2009 and Defendants' Cross-Motion to Confirm the Arbitration Award Ex. A Award (hereinafter, Award))

The text of the Award provides:

> FINRA Dispute Resolution
> Arbitration No. 07-00627
>
> After considering the pleadings, the testimony and evidence presented at the November 8, 2007 pre-hearing conference and all submissions regarding Mutual Service and Gabay's Motion to Dismiss and Motion for Expungement, the Panel has decided in full and final resolution of the issues submitted for determination as follows:
>
> 1. Claimants' claims are dismissed in their entirety.
> 2. Claimants are liable for and shall pay to Respondent Mutual Service costs in the amount of $12,000.
> 3. The Panel recommends the expungement of all references to the above captioned arbitration from Respondent David L. Gabay's registration records maintained by the Central Registration Depository ("CRD") . . . .[9]

(Award.)

The Panel recommended expungement of Defendant Gabay's record. In support of its expungement directive, the Panel made the following factual finding: "The claim, allegation, or

---

[9] The award indicated that Defendant Gabay must obtain confirmation of the Panel's expungement recommendation before the CRD will execute the directive. The award also stated that, pursuant to FINRA Rule 2130, FINRA must be named as an additional party to any award containing expungement relief unless FINRA specifically waived in writing. Defendants submitted a letter from FINRA, dated February 12, 2008, waiving Defendants' obligation to name FINRA as a party.

7

information is false." (Id.)

### Events Following Issuance of the Award

In the May 13, 2009 Order denying the November 12, 2008 Motion to Vacate, this Court noted that "[a]t the time Plaintiffs filed their motion to vacate, no award had been 'filed or delivered' by the Panel [pursuant to Section 12 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 et seq].[10]

Plaintiffs filed the Award, with an accompanying certification, after the return date on the motion passed. This Court specifically stated that it had come to this Court's attention that, subsequent to Plaintiffs' filing of the instant motion, the Panel had, in fact, issued a final arbitration award in favor of Defendants.

In the May 13, 2009 Order, this Court concluded that Plaintiffs' motion was premature notwithstanding this Court's observation that the Panel issued the arbitration award before this Court rendered its decision. On May 26, 2009, Plaintiffs filed the instant motion requesting that this Court reconsider the May 13, 2009 Order denying, as premature, Plaintiffs' motion to vacate. Defendants now cross-move to confirm the Award.

Defendants contend that Plaintiffs' instant motion for reconsideration fails because Plaintiffs fail to offer new evidence,[11] or controlling decisions ignored by this Court in rendering

---

[10] Section 12 of FAA provides that "[n]otice of a motion to vacate ... an award must be served upon the adverse party or his attorney within three months after **the award** is filed or delivered." 9 U.S.C. § 12 (emphasis added).

[11] Plaintiffs emphasize the absence, at the abbreviated hearing on June 18, 2008, of Plaintiffs' experts, and Plaintiffs' evidence of Defendant Gabay's alleged forgery of certain documents. Plaintiffs admit, however, that Plaintiffs' "expert report regarding the forgery was submitted to the [P]anel . . . ." (Plaintiffs' Brief in Support of Reconsideration 13.) Moreover, Defendants correctly assert that Plaintiffs had not raised a "forgery" claim in their Amended

the May 13, 2008 Order. This Court agrees. This Court denies Plaintiffs' motion for reconsideration.

In the opposition to Defendants' cross-motion, Plaintiffs contend that the Award should be vacated because the Panel allegedly failed to implement lesser sanctions, pursuant to NASD Rule 10305, prior to dismissing Plaintiffs' claims with prejudice.[12]

Defendants, in their brief opposing reconsideration and supporting confirmation of the Award, refer this Court to its earlier memorandum in opposition to the November 12, 2008 Motion to Vacate, dated December 1, 2008. In this memorandum, Defendants argue that the Award should be confirmed because the Panel imposed adjournment costs and hearing fees on Plaintiffs as a "lesser sanction" against Plaintiffs prior to imposing dismissal as a sanction. This Court agrees with Defendants.[13] The Award is confirmed in its entirety.

---

Statement of Claim, and did not request to further amend their Amended Statement of Claim to add allegations of forgery. This evidence cannot constitute "new" evidence for this Court's consideration.

[12] Plaintiffs strenuously argue that the Panel dismissed Plaintiffs' claims without conducting a hearing. This Court need not reach this contention for reasons discussed below.

[13] In the instant opposition brief, Defendants insist that this Court may not render a decision on the merits of Plaintiffs' challenges to the arbitration because the three-month deadline for challenging the Award passed. See 9 U.S.C. § 12. Defendants contend that "Plaintiffs are now well beyond the permissible timeframe to challenge the arbitration award." This Court disagrees. Plaintiffs' motion to vacate, while submitted prematurely, preserved Plaintiffs' objections to the extent that the objections were served on Defendants, and before this Court, prior to March 18, 2008. This Court, accordingly, equitably tolls Plaintiffs' objections to the Award's confirmation. Although the Panel issued the Award in December, Defendants' craftily neglected to move to confirm the Award until May 2009. While Defendants are entitled, under the Federal Arbitration Act, to wait for the duration of the one year deadline for confirming an award, see 9 U.S.C. § 9, this Court does not find justification for penalizing Plaintiffs for the period during which this Court made its determination on the November 12, 2008 Motion to Vacate.

Plaintiffs' motion for reconsideration is denied, and Defendants' cross-motion to confirm the arbitration award is granted.

## DISCUSSION

### Motion for Reconsideration

A motion to reconsider, pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly." P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).  The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  To satisfy its burden, the moving party must show "dispositive factual matters or controlling decisions of law" that were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. 2d at 353; see also Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).  "The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached." P. Schoenfeld Asset Mgmt., L.L.C., 161 F. Supp. 2d at 352.  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and

'recapitulation of the cases and argument considered by the court before rendering its original decision fails to carry the moving party's burden.'" Id. (quoting G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (internal citations omitted)).

The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

Plaintiffs contend that "there is new evidence that the Court was misled by Defendants['s] claim[] that the motion was premature and that the final award was not available."[14] (Plaintiffs' Reply to Defendants' Cross-Motion 5.) Because this Court noted the receipt of the arbitration award prior to issuing the May 26, 2009 Order, the Award's availability cannot constitute new evidence for this Court to consider on a motion for reconsideration. Defendants correctly note that even though Plaintiffs were aware of Defendants' contention that the motion to vacate was premature, Plaintiffs did not attempt to re-file their motion following issuance of the final award, or request this Court's permission to withdraw and renew the motion to vacate.

Plaintiffs argue that because the Award would have necessarily followed the issuance of

---

[14] In a letter dated July 8, 2009, Defendants argue that, pursuant to Local Civil Rule 7.1(d)(3), this Court should disregard Plaintiffs' "Reply to Defendants's Cross Motion" because it "offers no substantive discussion of Defendants' Cross-Motion" and instead, "presents additional arguments in support of their motion." Local Civil Rule 7.1(d)(3) provides that "[n]o reply papers shall be filed on a motion for reconsideration . . . unless the Court otherwise orders." Defendants contend that, for this reason, this Court should deem Defendants' cross-motion to confirm the arbitration unopposed. Defendants' request is denied. To the extent that Plaintiffs' submission explicates Plaintiffs' objections to the Panel's arbitration award, this Court deems Plaintiffs' submission as an opposition to the Defendants' cross-motion.

the September 18, 2008 Panel Order, Plaintiffs' motion was timely. Plaintiffs further argue that they could not have filed a motion to vacate after the award issued because their earlier filed motion was already pending before this Court. Neither of Plaintiffs' arguments address new evidence or new controlling decisions.

Plaintiffs' submission in support of their motion for reconsideration does not show more than the fact that Plaintiffs disagree with this Court's ruling. Plaintiffs failed to meet their stringent burden on a motion for reconsideration. Plaintiffs' motion is denied.[15]

## Motion to Confirm

[T]here is a 'strong presumption . . . in favor of enforcing arbitration awards' embodied in the FAA. Andorra Svcs. Inc., v. Venfleet, Ltd., No 08-4902, 2009 WL4691635, at *5 (3d Cir. Dec. 10, 2009) (quoting Brentwood Med. Assocs. v. United Mine Workers, 396 F.3d 237, 241 (3d Cir. 2005)). "When parties agree to arbitrate, they do so "through to completion," fully cognizant that "a district court may vacate . . . only under exceedingly narrow circumstances." Id. (quoting Dluhos v. Strasberg, 321 F.3d 365, 369-70 (3d Cir. 2003)).

The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., governs judicial review of arbitration awards. The FAA affords courts three "mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." Hall St. Assocs. v. Mattel, Inc., 128 S. Ct. 1396, 1402 (2008); see 9 U.S.C. §§ 9-11. Under section 9 of the FAA, the Court "must" confirm an arbitration award "unless the award is vacated,

---

[15] To the extent that Plaintiffs' motion for reconsideration is essentially a request to consider Plaintiffs' objections to the arbitration, this Court, in the alternative, denies the motion for reconsideration, as moot, since this Court will entertain Plaintiffs' arguments for vacatur raised in opposition to Defendants' cross-motion.

modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9; see Hall St., 128 S. Ct. at 1402.

Section 10 allows a United States district court to vacate an arbitration award upon the application of any party under the following instances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[16]

### Whether the Panel Imposed Lesser Sanctions?

Plaintiffs argue that the Panel exceeded its powers by dismissing Plaintiffs' claims, with prejudice, under NASD Rule 10305(b), for failure to comply with discovery orders. Rule 10305(b) provides that "[t]he arbitrators may dismiss a claim, defense, or proceeding with

---

[16] Plaintiffs have not expressly argued that the Panel acted in manifest disregard of the law. To the extent that Plaintiffs' challenge to the arbitration invokes the doctrine, this Court does not find that the Panel manifestly disregarded the law. See Andorra, 2009 WL 4691635, at *5 (stating that "sister circuits have expressed varying views on the impact of Hall Street," and declining to decide whether nonstatutory grounds for vacatur exist after Hall Street.)
Plaintiffs, instead, argue that the Panel lacked the authority to dismiss Plaintiffs' claims, with prejudice, because the Panel did not impose lesser sanctions before dismissing the claims. Under Section 10(a)(4), this Court may determine whether the Panel exceeds its authority by determining issues outside of the scope of the parties' agreement. Because the parties agreed to be bound by the NASD Code by signing the Uniform Submission Agreements, the NASD Code is incorporated in the parties' contract to arbitrate.

prejudice as a sanction for willful and intentional material failure to comply with an order of the arbitrator(s) if lesser sanctions have proven ineffective."[17]

Plaintiffs insist that the Panel invoked this rule in error because Plaintiffs complied with the Panel's discovery orders in good faith, and even if they had not complied, the Panel did not

---

[17] The NASD Discovery Guide provides guidance on a wide range of discovery-related issues. It supplements a publication, published by the section in the Securities Industry Conference on arbitration, entitled "The Arbitrator's Manual." NASD Rule 10305 (Dismissal of Proceedings) is superceded, for cases initiated on or after April 16, 2007, by new NASD Code Rule 12212 (Sanctions). See FINRA Website (FINRA Comparison Chart of Old and New NASD Arbitration Codes for Customer Disputes ("Comparison Chart")). Rule 12212 "incorporates and codifies the sanctions provisions in the old NASD Discovery Guide. Id.; see NASD Discovery Guide 18. This rule is intended to provide more guidance to parties and arbitrators regarding the scope of arbitrator authority to address noncompliance with the new Code or orders of the panel. The rule also provides that the panel may sanction a party in egregious situations." FINRA Website (Comparison Chart, Comments section).

Rule 12212 provides that:

(a) The panel may sanction a party for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel. Unless prohibited by applicable law, sanctions may include, but are not limited to:

- Assessing monetary penalties payable to one or more parties;
- Precluding a party from presenting evidence;
- Making an adverse inference against a party;
- Assessing a postponement and/or forum fees; and
- Assessing attorneys's fees, costs and expenses.

(b) The panel may initiate a disciplinary referral at the conclusion of an arbitration.
(c) The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warning or sanctions have proven ineffective.

Id.

14

impose lesser sanctions on Plaintiffs prior to issuing the September 17, 2008 Panel Order.[18] Plaintiffs insist that the allocation of costs and fees in the September 17, 2008 Panel Order do not constitute a sanction because these are the type of expenses a party typically shoulders in arbitration.

Plaintiffs altogether ignore the Panel's rulings in the June 19, 2008 Panel Order shifting adjournment fees and hearing costs to Plaintiffs and commenting on Plaintiffs "incorrect discovery" resulting in the issuance of subpoenas regarding Plaintiffs' post-2004 investment activity. Defendants correctly contend that where the Panel shifts fees that are routinely divided evenly between the parties, the Panel imposed a sanction. On the basis of these facts, this Court concludes that there is a plausible basis in the record for this Court to conclude that a lesser sanction was imposed. The Panel, accordingly, was well within its authority to apply Rule 10305 in light of Plaintiffs' failures to comply with discovery and continued assertion that certain discovery materials were irrelevant to the controversy. (See Pls. Cert. to Vacate ¶ 50 ("On September 5, 2008, [Plaintiffs] informed the [P]anel there [were] no discovery documents that [Plaintiffs] possess relevant to the controversy.").)

---

[18] Plaintiffs primarily rely on, Kashner Davidson Secs. Corp. v. Mscisz, 531 F.3d 68, 76 (1st Cir. 2008 ) for Plaintiffs' argument that the Panel disregarded Rule 10305 in dismissing Plaintiffs' claims, with prejudice. The court in Kashner held that an arbitration panel's dismissal of the defendants-appellants' counterclaims and third party claims, with prejudice, was in manifest disregard of the law because the panel did not impose lesser sanctions that proved ineffective prior to the dismissal. There, the court found that only weeks before the dismissal the panel "expressly denied" defendants-appellants prior requests for sanctions. The plaintiffs-appellees, there, did not argue that prior sanctions were imposed. Rather, plaintiffs-appellees argued that the manifest disregard standard did not apply to the NASD Code.

A similar outcome is not warranted here because this Court finds that the record, as Defendants here argue, supports the conclusion that the Panel imposed lesser sanctions on Plaintiffs, and that these sanctions had proven ineffective.

The evidence suggests that the Panel previously admonished and penalized Plaintiffs for failure to comply with the discovery process, and that Plaintiffs continued to insist that the requested discovery was irrelevant to the parties' dispute.

Plaintiffs cannot, by simply ignoring the June 19, 2008 Panel Order and insisting that certain discovery is irrelevant, show that lesser sanctions were not imposed.[19]  Plaintiffs are unable to demonstrate any basis for disturbing the Award.

This Court confirms the Award in its entirety.  Specifically, Plaintiffs' claims are dismissed, with prejudice.  Plaintiffs are obligated to pay $12,000, consisting of Defendants' share of arbitration costs and fees, minus attorney's fees, and, in accordance with the Panel's expungement directive, Defendant Gabay's record is to be expunged of any mention of the foregoing arbitration.

## CONCLUSION

Plaintiffs' motion for reconsideration is denied.  Defendants' motion to confirm is granted.

Dated: December 29, 2009

                                                S/Joseph A. Greenaway, Jr.
                                                JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[19] Plaintiffs also assert that they were denied a hearing under various sources of law, including NASD Code Rule 10303, the FAA, the Uniform Arbitration Act, case law interpreting federal arbitration law, and common law principles.  Because this Court finds that the arbitrators were within their authority to dismiss Plaintiffs' claims as a sanction for noncompliance with discovery orders after lesser sanctions proved ineffective, this Court does not address Plaintiffs' contention that the Panel was required to afford Plaintiffs a hearing on the merits of Plaintiffs' substantive claims.